# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

Nos. 96-2834/2841

—————

Jeffrey Taylor,                  *
                                        *

    Appellant/Cross-appellee,   *
                                        *  Appeals from the United States

    v.                        *  District Court for the
                                        *  Eastern District of Arkansas

Pulaski Bank & Trust Company,  *        [UNPUBLISHED]
                                        *

    Appellee/Cross-appellant.    *

—————

Submitted: April 14, 1997

Filed: April 17, 1998

—————

Before McMILLIAN, Circuit Judge, HENLEY,[*] Senior Circuit Judge, and
    BEAM, Circuit Judge.

—————

PER CURIAM.

    Jeffrey Taylor (Taylor) appeals from final orders entered in the District Court[1] for the Eastern District of Arkansas, granting summary judgment in favor of Pulaski

—————

    [*]The Honorable J. Smith Henley died on October 18, 1997. This opinion is consistent with his vote at the panel's conference following oral argument on April 14, 1997.

    [1]The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas.

Bank & Trust Company (the Bank) in his diversity action for conversion and breach of fiduciary duty, Taylor v. Pulaski Bank & Trust Co., No. LR-C-94-850 (E.D. Ark. June 6, 1996) (memorandum and order), and denying his motion for attorneys' fees and costs. Id. (June 26, 1996).

The Bank cross-appeals from final orders denying its motion to disqualify Taylor's counsel, id. (Sept. 30, 1995), and denying its motion for attorneys' fees. Id. (June 26, 1996).

Taylor was the beneficiary of the Donald E. Taylor Life Insurance Trust (the Trust) of which the Bank served as sole trustee since 1981. In March 1995 Taylor filed a motion for partial summary judgment on the grounds that the Trust terms were clear and unambiguous and, as a matter of law, Taylor was entitled to the undistributed trust funds. Interpreting the Trust under Arkansas law, the district court found that the language of the Trust was clear and unambiguous and Taylor was the sole beneficiary. Id. at 6-8 (Sept. 30, 1995). In the same order, the district court denied the Bank's motion to disqualify Taylor's counsel for breach of Arkansas Rules of Professional Conduct 1.7(a) and 3.7, on the grounds that there was no matter pending before Taylor's counsel that was directly adverse to the Bank and substantial hardship would result to Taylor if his counsel were disqualified. Id. at 4-5.

Taylor later moved for attorneys' fees and costs incurred in connection with the enforcement of the Trust. The district court initially denied Taylor's motion as premature. Id. (Dec. 6, 1995). Later, after the district court granted summary judgment in favor of the Bank, the parties filed a joint request for extension of time to file motions for attorneys' fees and costs. Before the district court ruled on the joint request, the filing deadline passed without either party filing for attorneys' fees and costs. The district court then denied the parties' request and directed each party to bear his or its own fees and costs. Id. (June 26, 1996).

We have carefully reviewed the record and agree with the analyses of the district court as set forth in its well-reasoned memoranda and orders. With respect the issue of attorneys' fees and costs, we further note that district courts generally have broad discretion in deciding motions to extend time for filings. See, e.g., <u>Metropolitan Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.</u>, 999 F.2d 1257, 1259 (8th Cir. 1993). Accordingly, we affirm the judgments of the district court. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.